While the 1971 applicable provisions of the prior Act (Ill. Rev. Stat. 1971, ch. 38, sec. 1—7(g)) provided for a hearing in aggravation and mitigation, the courts of Illinois under that Act have uniformly held that the defendant was deemed to have waived such a hearing unless specifically requested by him. (*People v. Nelson* (1968), 41 Ill.2d 364, 367, 243 N.E.2d 225; *People v. Fuca* (1969), 43 Ill.2d 182, 185, 251 N.E.2d 239; *People v. Gibson* (1973), 11 Ill.App.3d 875, 297 N.E.2d 31; *People v. Moore* (1973), 15 Ill.App.3d 1041, 305 N.E.2d 609.) Section 1—7(g) of the applicable 1971 statute does not provide for a presentence investigation. As pointed out in the Committee Comments to section 1005—3—1: "This section expands the hearing in aggravation and mitigation to *include* the presentation of a mandatory presentence report in all felony cases." (Emphasis supplied.)

We affirm the conviction of the trial court.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HUEY HOWARD, a/k/a STAFFORD L. WESTBROOKS, JR., Defendant-Appellant.

(No. 73-8; ▮▮▮▮▮)

Second District—June 20, 1974.

▮▮▮▮▮▮▮▮▮▮

Opinion by Mr. JUSTICE GUILD.

Ralph Ruebner, of the State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.